IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KORI TYLON TAYLOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 07 C 6644 |
| | ) | |
| OFFICER WATERLOO (#6226) | ) | |
| OFFICER JOHNSON (#1994) | ) | Judge Norgle |
| LAKE COUNTY JAIL | ) | |
| SERGEANT NAVARRO | ) | Magistrate Judge Schenkier |
| LIEUTENANT D. WATHEN | ) | |
| JENNIFER WITHERSPOON, | ) | |
| Defendants. | ) | |

## DEFENDANTS' ANSWER TO COMPLAINT

Now come the Defendants, Lake County Sheriff's Corrections Officer John Waterloo, Lake County Sheriff's Corrections Officer Joseph Johnson, Lake County Jail, Lake County Sheriff's Corrections Sergeant Dale Novarro, Lake County Sheriff's Corrections Lieutenant David Wathen and Lake County Sheriff's Chief of Corrections, Jennifer Witherspoon, by and through their attorneys, MICHAEL J. WALLER, State's Attorney of Lake County, Illinois, and JENNIFER MCDONNELL and DANIEL L. JASICA, Assistant State's Attorneys for Lake County, and in Answer to Plaintiff's Complaint, state as follows:

COUNT I

1. On Friday October 12, 2007 (10/12/07) while out for my hour out in the Punitive Segregation Unit in Lake County Jail, the County of Lake along with the following individuals and entity, in their individual capacities failed to provide me with safe and humane treatment given with respect impartially and fairness.

ANSWER: Defendants admit that plaintiff was in the Administrative Segregation Unit

in the Lake County Sheriff's Adult Correctional Facility on Friday October 12, 2007 and that he had an "hour out" on that date. Defendants deny the remaining allegations contained in paragraph 1.

    2.    Officers Waterloo and Officer Johnson, under the responsibility of the Lake County Jail, did in fact violate my Civil and 8th amendment rights by releasing inmate (Ryan Rice) into the day room in the Punitive Segregation Unit in which I (Kori Tylon Taylor) was "already" located.

    ANSWER:    Defendants deny the allegations contained in paragraph 2.

    3.    The acts of Officer Waterloo and Officer Johnson caused myself (Kori Tylon Taylor) to be attacked by inmate (Ryan Rice).

    ANSWER:    Defendants deny the allegations contained in paragraph 3.

    4.    Officers Waterloo and Officer Johnson did not take reasonable measures to guarantee the safety of myself (Kori Tylon Taylor).

    ANSWER:    Defendants deny the allegations contained in paragraph 4.

## COUNT II

    5.    On 11-12-07 I Kori T. Taylor was placed on Level (2) and classified as a dangerous Inmate by Lake County Sheriff's Adult Correctional Division.

    ANSWER:    Defendants admit the allegations contained in paragraph 5.

    6.    For each reason that the Lake County Sheriff's Adult Correctional Division classified me (Kori T. Taylor) as a dangerous inmate/Level 2 I have not been found guilty for any offense, therefore this is cruel and unusual punishment.

    ANSWER:    Defendants deny the allegations contained in paragraph 6.

    7.    Due to the fact that being classified as a level 2 dangerous inmate requires your mattress and bedding to be taken for approximately 14 ½ hours a day, Sunday through Saturday.

    ANSWER:    Defendants admit that every day, from approximately 7 am to 10 pm, mattresses are removed from the cells of inmates who have been classified as Level II-Dangerous/Violent Person. Defendants deny the remaining allegations contained in paragraph 7.

    8.    This is not safe and humane treatment given with respect impartiality and fairness.

    ANSWER:    Defendants deny the allegations contained in paragraph 8.

    9.    The people in charge of this Level 2 program are Sergeant Navarro, Lieutenant D. Wathen, Jennifer Witherspoon and Lake County Jail.

    ANSWER:    Defendants admit that Jennifer Witherspoon, Chief of Corrections, makes the final decision regarding whether inmates are classified as Level II- Dangerous/Violent Person. Defendants deny the remaining allegations contained in paragraph 9.

## AFFIRMATIVE DEFENSES

**Affirmative Defense No. 1 to all claims: PLRA – Claim for emotional distress claim is barred**

Plaintiff did not suffer a physical injury as a result of any act of these defendants and therefore his claim for emotional distress is barred by the Prison Litigation Reform Act (42 U.S.C. 1997e)("PLRA").

**Affirmative Defense No. 2 to Count II: PLRA – Failure to exhaust administrative remedies**

Although plaintiff filed a grievance regarding his classification as a Level II- Dangerous/Violent Person and the removal of his mattress, he did not appeal the resolution of that grievance as required by the Lake County Sheriff's Adult Correctional Division Inmate Handbook and therefore his claim is barred by the Prison Litigation Reform Act (42 U.S.C. 1997e)("PLRA") for failure to exhaust his administrative remedies.

**Affirmative Defense No. 3 to all claims: Qualified Immunity**

These defendants in their individuals capacities assert that each of them is entitled to qualified immunity from suit since he or she did not violate any clearly established constitutional rights of the plaintiff of which an objectively reasonable officer or employee in his or her position would have been aware at the times alleged in plaintiff's complaint.

    Respectfully submitted,

    MICHAEL J. WALLER
    State's Attorney of Lake County

           By: <u>s/Jennifer McDonnell</u>
              Assistant State's Attorney

MICHAEL J. WALLER
States Attorney of Lake County
Jennifer McDonnell #6239295
Assistant State's Attorney
18 North County Street
Waukegan, IL 60085
(847) 377-3050